1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   U.S. BANK NATIONAL ASSOCIATION,       Case No. 2:18-cv-01994-TLN-CKD

12                 Plaintiff,

13        v.                                **SUA SPONTE REMAND ORDER**

14   ALLEN M'CORONEL and IGNACIO
     MENCIAS,
15                 Defendants.

16

17
          This matter is before the Court pursuant to Defendant Ignacio Mencias's ("Defendant")[1]
18
     Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1 & 2.) For the
19
     reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis is DENIED as moot,
20
     and the Court hereby REMANDS the action to the Superior Court of California, County of
21
     Sacramento, due to lack of subject-matter jurisdiction.
22
          I.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY
23
          On April 27, 2018, Plaintiff U.S. Bank National Association ("Plaintiff") brought an
24
     action against Defendant for possession of the real property known as 6351 Fieldale Drive, Elk
25
     Grove, California ("the Property"). (Notice of Removal, ECF No. 1 at 14.) The Complaint
26

27   _____
     [1]        The original action in state court was alleged against Defendant Mencias and Allen M'Coronel. Mr.
28   M'Coronel does not join in any of these documents and is not mentioned by Defendant Mencias in his arguments.
     For ease of reference, the Court will refer only to Defendant Mencias in this Order.

                                                      1

alleges that Plaintiff is the true and lawful owner of the Property pursuant to a successful bid at a Trustee's sale. (ECF No. 1 at 15.) Plaintiff asserts that Defendant was served a "Notice to Quit," but continues to occupy the property. (ECF No. 1 at 15.)

On July 19, 2018, Defendant filed a Notice of Removal removing this unlawful detainer action from the Sacramento County Superior Court. (ECF No. 1.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. ANALYSIS

Defendant states in the notice of removal that jurisdiction is proper under 28 U.S.C. § 1332(a). (ECF No. 1 at 2.) Defendant claims that complete diversity exists and that the amount in controversy is the value of the Property, $764,910.23, and "not $10,000 as Plaintiff has claimed in its complaint." (ECF No. 1 at 3.) Furthermore, Defendant invokes federal question,

28 U.S.C. § 1331, as the means upon which original jurisdiction exists, based on 18 U.S.C. § 1964(c), 15 U.S.C § 1640(e), 18 U.S.C. § 1341, and 18 U.S.C. § 514. (ECF No. 1 at 2.) After reviewing the Notice of Removal, the Court concludes that Defendant does not present a viable argument to support federal jurisdiction on either basis.

First, Defendant cannot satisfy the requirements for diversity jurisdiction under section 1332. Section 1332 states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States." Defendant states that the parties are citizens of different states and provides adequate support.

However, the burden of proving the amount in controversy depends on what the plaintiff has pleaded on the face of the complaint. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998, 1000 (9th Cir. 2007). When the complaint alleges damages less than the jurisdictional requirement, the party seeking removal must prove the amount in controversy with legal certainty. *Id.*; *Rynearson v. Motricity, Inc.*, 601 F. Supp. 2d 1238, 1240 (W.D. Wash. 2009). Defendant contends the appropriate amount in controversy is the value of the Property, $764,910.23. (ECF No. 1 at 3.) In support of this argument, Defendant cites case law explaining the amount in controversy for actions seeking transfer of title or injunctive relief with respect to foreclosure sales is the value of the subject property. (ECF No. 1 at 3.) However, this is not an action for transfer of title or injunctive relief for foreclosure. Plaintiff seeks to evict Defendant from the Property and has filed a single cause of action for Unlawful Detainer. Defendant miscomprehends the nature of the state court action.

Plaintiff alleges damages calculated at $50 per day for each day Defendant remained in possession of the Property after the deadline in the Notice to Quit passed. (ECF No. 1 at 16.) Plaintiff does to provide a date for either serving the Notice to Quit or the final date Defendant had to quit the Property. However, there is no plausible way that this matter — with damages in so little an amount per day — would equal $75,000 at this time. Accordingly, Defendant has not proven with legal certainty the damages as of the time of removal would exceed $75,000. For these reasons, Defendant fails to meet his burden of showing that the amount in controversy is

3

met.

As to federal question jurisdiction, Defendant states Plaintiff's sale was fraudulent because Plaintiff has no foreclosing powers. (ECF No. 1 at 6.) Thus, Defendant asserts Plaintiff acted in violation of the National Currency Act when attempting to purchase the Property at the foreclosure sale. (ECF No. 1 at 6.) Defendant further argues his rights under First, Fifth, Seventh, Ninth, and Fourteenth Amendments have been violated. (ECF No. 1 at 1.) Defendant seems to assert these violations are civil rights violations and permitted under 28 U.S.C. 1443. (ECF No. 1 at 10.) However, the Complaint itself contains only a single claim for unlawful detainer. (ECF No. 1 at 14–17.) Under the well-pleaded complaint rule, "federal [question] jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. The instant Complaint relies solely on California state law and any federal law. The well-pleaded complaint rule makes the plaintiff the master of his claim, so he may avoid federal jurisdiction by basing his claim exclusively on state law, as is the case here. *Caterpillar*, 482 U.S. at 392.

Defendant also asserts removal is proper under various federal statutes: 18 U.S.C. § 1964(c); 15 U.S.C § 1640(e); 18 U.S.C. § 1341; and 18 U.S.C. § 514. (ECF No. 1 at 2.) However, upon review of these code sections, the codes authorize a plaintiff to bring suit in district court. Plaintiff brought a single cuase of action for unlawful detainer. The code sections above would at most result in counterclaims Defendant may potentially assert. However, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state court or federal court. *See Vaden*, 556 U.S. at 49; *Hunter v. Philip Morris USA*, 582 F.3d at 1042–43. While Defendant contends in the notice of removal that he may remove this action under the above listed code sections, this assertion relates only to a potential counterclaim, which is not considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. See *Vaden*, 556 U.S. at 60–62.

In summary, the state court Complaint indicates that the only cause of action is one for unlawful detainer alleging damages in an amount less than $10,000 arising solely under state law and not under federal law. Therefore, it is appropriate to remand this case, *sua sponte*, for lack of

federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

## IV. CONCLUSION

Thus, for the reasons stated above, Defendants' motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

Dated: July 20, 2018

Troy L. Nunley
United States District Judge